**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| SHAWN OTTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:24-CV-00009 NCC |
| | ) | |
| MIKE FUSSLEMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

Before the Court is a letter from self-represented plaintiff Shawn Otte, a civil detainee at

Fulton Reception and Diagnostic Center (FRDC). [ECF No. 1]. Otte alleges that his arrest was

unconstitutional, and he also complains that his children were removed from his custody.

Plaintiff's handwritten complaint is defective because it has not been drafted on a Court-provided

form. *See* E.D. Mo. L.R. 2.06(A). As a result, plaintiff will be required to amend his complaint on

a Court-provided form. Additionally, for the reasons set forth below, plaintiff will be required to

set forth the claims in his complaint in a more cogent manner. Plaintiff will be given twenty-one

(21) days to do so.

### Discussion

Plaintiff Shawn Otte, a civil detainee currently held at FRDC, filed a handwritten complaint

in this action brought pursuant to 42 U.S.C. § 1983 against ten (10) defendants: (1) Mike

Fussleman; (2) Jessica Tagg; (3) Aleix Fry; (4) James Cooksey; (5) Chezney Schulte; (6) Parker

Schulte; (7) Stephanie Michelle Lundsford; (8) Christina McCartney; (9) Mason Robert Gebhardt;

and (10) Michelle Chapman. Plaintiff has not indicated the capacity under which he is suing

defendants.

Plaintiff's complaint contains unrelated claims. He complains that his arrest was unconstitutional, and he asserts that it was unlawful for him to have lost custody of his children. However, he has failed to specifically match the defendants who he believes violated his rights for each of these claims, which is required under 42 U.S.C. § 1983. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). It is not enough for plaintiff to refer to a group of defendants and make general allegations against them. Instead, plaintiff must explain the role of each defendant so that each defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

Additionally, plaintiff brought a prior case in this Court relating to his child custody claims. *See Otte v. Randolph County Jail Staff*, No. 2:22-CV-00027 SEP (E.D.Mo.). Plaintiff was informed in the Court's December 23, 2022 Memorandum and Order that this Court lacks jurisdiction to review such claims. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). State courts have exclusive jurisdiction over those matters. *Id.* at 703-04. "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *Ex parte Burrus*, 136 U.S. 586, 593-94 (1890); *see also Kahn v. Kahn,* 21 F.3d 859, 861 (8th Cir. 1994) ("The domestic relations exception . . . divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody.") (internal citations omitted). **Thus, plaintiff should not include such claims in his amended complaint as the Court lacks jurisdiction over such claims.**

Moreover, to the extent plaintiff is attempting to have this Court review his probation revocation claims, *i.e.,* false arrest or false imprisonment, it is likely such claims are barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *See also Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief). Simply put, a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck,* 512 U.S. at 486-87. Because there is no indication in the record that plaintiff's conviction has been reversed or expunged, his civil rights case against defendants cannot be reopened at this time.

A review of Missouri Case.Net indicates that plaintiff pled guilty to a Suspended Imposition of Sentence (SIS) on the charge of driving while his license was revoked on June 17, 2020. *See State v. Otte*, No. 18RA-00067-01 (14th Jud. Cir., Randolph County Court). He was sentenced to five years of probation on that same date. However, on October 5, 2022, plaintiff's probation was revoked, and he was sentenced to a four-year term of imprisonment in the Missouri Department of Corrections (MDOC). *Id*. Nonetheless, the term of imprisonment was held in abeyance while plaintiff participated in a 120-day deferral program, which he was set to be released from on February 2, 2023. *Id.* Plaintiff's probation was again revoked on February 24, 2023, and he was placed in MDOC on his four-year term of imprisonment on January 3, 2024. *Id.* Plaintiff's term of imprisonment is consecutive to his four-year term of imprisonment in *State v. Otte*, No.

19RA-CR00096-03 (14th Jud. Cir., Randolph County Court) for driving while his license was revoked.[1] *Id.*

Despite these issues, and in an abundance of caution, the Court will instruct plaintiff on how to amend his complaint. In doing so, plaintiff should follow the instructions set forth below.

### Instructions for Filing an Amended Complaint

Plaintiff is advised that the filing of an amended complaint **completely replaces** the original complaint and all supplements, and so it must include all claims plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Any claims from the original complaint or any supplements that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id*. Plaintiff must **type or neatly print** the amended complaint on the Court-provided prisoner civil rights complaint form, and the amended complaint must comply with the Federal Rules of Civil Procedure. *See* E.D. Mo. L.R. 2.06(A).

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even self-represented litigants are obligated to abide by the Federal Rules of Civil Procedure and to plead specific facts as to each named defendant. *See U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Plaintiff is required to set out his alleged claims in a simple, concise, and direct manner, and also the facts supporting his claims as to each named

---

[1]Plaintiff is currently awaiting sentencing on a probation revocation for assault in the third degree – special victim- and resisting arrest. *See State v. Otte*, No. 22RA-CR00040-01 (14th Jud. Cir., Randolph County Court). The matter is set for hearing on March 13, 2024. *Id*. Plaintiff also has a pending charge for assault in the third degree in Randolph County Circuit Court. *See State v. Otte,* No. 23RA-CR00580-01 (14th Jud. Cir., Randolph County Court). Jury trial is currently set for April 26, 2024.

defendant. *See* Fed. R. Civ. P. 8(a)(2) (complaint should contain short and plain statement of claims); 8(d)(1) (each claim shall be simple, concise, and direct); 10(b) (parties are to separate their claims within their pleadings and the contents of which shall be limited as far as practicable to a single set of circumstances). Plaintiff should fill out the complaint form in its entirety.

In the "Caption" section of the complaint form, plaintiff must state the first and last name, to the extent he knows it, of the defendant or defendants he wants to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both. Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim(s).

In the "Statement of Claim" section, plaintiff should begin by writing a defendant's name. In separate, numbered paragraphs under that name, plaintiff should write the specific facts supporting his claim or claims against that defendant. If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant, and set forth as many claims as he has against him or her. *See* Fed. R. Civ. P. 18(a). Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal. Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a

formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff is advised that it insufficient to refer to a group of defendants and conclude that they committed wrongdoing. Instead, plaintiff must plead facts showing how each defendant was directly involved in and personally responsible for the alleged injury. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff failed to allege defendant was personally involved in and directly responsible for incidents that injured him).

If plaintiff fails to file an amended complaint on a Court-provided form in accordance with the instructions set forth herein, the Court may dismiss this action without prejudice and without further notice to plaintiff.

### Motion for Appointment of Counsel

Plaintiff has filed a motion to appoint counsel. [ECF No. 3]. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of

conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form within **twenty-one (21) days** of the date of this Order. Plaintiff is advised that his amended complaint will take the place of his original complaint and will be the only pleading that this Court will review. Plaintiff should not include his child custody claims in his amended complaint. Additionally, claims relating to his arrest and imprisonment are likely *Heck*-barred and unable to be reviewed by this Court.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED AT THIS TIME.**

**IT IS FINALLY ORDERED** that if plaintiff fails to comply with this Order, the Court

will dismiss this action without prejudice and without further notice.

Dated this 29th day of January, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE