**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION**

SHAWN OTTE,                        )
                                   )
       Plaintiff,             )
                                   )
v.                                 )     No. 2:24-CV-00009 NCC
                                   )
MIKE FUSSLEMAN, et al.,            )
                                   )
       Defendants.            )

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on review of plaintiff Shawn Otte's amended complaint. [ECF No. 6]. After examining the amended complaint and record, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

This Court is required to review a complaint filed in forma pauperis and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an

unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

District courts must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," courts should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). District courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, or interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**Background**

Plaintiff Shawn Otte, a prisoner incarcerated at Algoa Correctional Center (ACC), filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 26, 2024. [ECF No. 1]. The Court reviewed plaintiff's initial complaint pursuant to 28 U.S.C. § 1915 on January 29, 2024. [ECF No. 5]. Because plaintiff's complaint contained several unrelated claims against ten (10) defendants, the Court ordered plaintiff to amend his complaint on a Court-provided form. *See id*. Plaintiff was specifically reminded that in his amended complaint he should not include claims relating to a request for review of child custody, because the Court lacked jurisdiction to review such claims.

2

*See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). Additionally, to the extent plaintiff was attempting to have this Court review his probation revocation claims, *i.e.,* false arrest or false imprisonment, it is likely such claims were barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Plaintiff filed an amended complaint on a Court-provided form on February 26, 2024. [ECF No. 6]. Pursuant to 28 U.S.C. § 1915, the Court is obligated to review plaintiff's amended complaint for frivolousness, maliciousness and for failure to state a claim.

## The Amended Complaint

Plaintiff, who is currently incarcerated at ACC, brings this § 1983 action against five (5) defendants: Stephanie Lundsford (Prosecutor); Angelina Kelley (Police Officer); Chanel Sims (Probation Officer); Tiffany Bell (plaintiff's wife); and Mike Fussleman[1] (Juvenile Prosecutor). Plaintiff sues defendants in their individual capacities.

Plaintiff asserts that his arrest was unconstitutional, and it was unlawful for him to have lost custody of his children. He asserts that his due process and equal protection rights have been violated by defendants.

Plaintiff alleges that defendant Lundsford unlawfully prosecuted him in two state criminal actions in Randolph County Court. *See State v. Otte,* No. 19RA-CR00096-03 (14th Jud. Cir., Randolph County Court) and *State v. Otte,* No. 18RA-00067-01 (14th Jud. Cir., Randolph County Court). In each of these cases plaintiff was convicted of driving while his license was revoked.[2]

---

[1]Plaintiff spells Mike Fussleman's last name two separate ways in this action. The Court will spell Fussleman as written throughout to be consistent.

[2]Plaintiff pled guilty to a Suspended Imposition of Sentence (SIS) on the charge of driving while his license was revoked on June 17, 2020. *See State v. Otte*, No. 18RA-00067-01 (14th Jud. Cir., Randolph County Court). He was sentenced to five (5) years of probation on that same date. However, on October 5, 2022, plaintiff's probation was revoked, and he was sentenced to a four-year term of imprisonment in the Missouri Department of Corrections (MDOC). *Id.* Nonetheless, the term of imprisonment was held in abeyance while

3

Although he asserts that Lundsford "maliciously prosecuted" him, violated his right to speedy trial, violated his due process rights, and his right to bond, plaintiff's allegations are entirely conclusory.[3] Moreover, plaintiff attempted to bring a prior case against Lundsford in this Court pursuant to 42 U.S.C. § 1983. *See, e.g., Otte v. Wilson, et al.*, No. 2:24-CV-00010 RLW (E.D.Mo.). That action was dismissed for failure to state a claim on April 5, 2024. Thus, any allegations in the present case are duplicative. *See, e.g., Cooper v. Delo,* 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future in forma pauperis petitions).

Plaintiff charges defendant Angelina Kelley, a police officer, with providing "false evidence" in a probation violation statement given to the Randolph County Court, as well as "arresting [him] with no investigation." Plaintiff indicates that Kelley said in her statement that there was video footage of the parking lot where plaintiff allegedly committed a domestic assault. However, a review of the statement submitted by Kelley indicates that she stated in the police report:

> I called Melissa Johnston who is a manager at the store in reference to video footage. Johnston said she would talk to the owner and see if she can get the video footage of the parking lot, if it is received, it will be added per supplement.
>
> On August 10, 2023, I attempted to make contact with Johnston again for an update. Johnston did not answer and does not have a voicemail set up.
>
> Nothing further.

---

plaintiff participated in a 120-day deferral program, which he was set to be released from on February 2, 2023. *Id.* Plaintiff's probation was again revoked on February 24, 2023, and he was placed in MDOC on his four-year term of imprisonment on January 3, 2024. *Id.* Plaintiff's term of imprisonment is consecutive to his four-year term of imprisonment in *State v. Otte*, No. 19RA-CR00096-03 (14th Jud. Cir., Randolph County Court) for driving while his license was revoked.

[3]The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC,* 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

Plaintiff asserts in a conclusory manner that because Kelley allegedly lied in the police statement, his equal protection and due process rights were violated when his probation was revoked.

Plaintiff next alleges that his girlfriend, Tiffany Bell, got him "lock[ed] up" unlawfully when she filed false charges against him for domestic assault. Apparently, plaintiff was on probation in *State v. Otte,* No. 22RA-CR00040 (14th Jud. Cir., Randolph County Court). In that case, deputies Martin Kelley and Michael Bothke, police officers, were making an arrest of plaintiff on or about December 3, 2021, for a warrant issued on plaintiff for violating probation in a felony probation case. Plaintiff was charged by criminal complaint on January 18, 2022, with two counts of felony assault in the third degree, special victim, and felony resisting arrest. *See State v. Otte*, No. 22RA-CR00040 (14th Jud. Cir., Randolph County Court). Plaintiff pled guilty on March 29, 2023, to both felony resisting arrest and assault in the third degree, special victim, and he was sentenced to a total term of eleven (11) years of imprisonment in the Missouri Department of Corrections. However, plaintiff's execution of imprisonment was suspended, and he was placed on probation for a term of five (5) years.

Unfortunately, on or about August 6, 2023, plaintiff, who was on probation in *State v. Otte*, No. 22RA-CR00040 (14th Jud. Cir., Randolph County Court), was arrested by police officer Angelina Kelley when Tiffany Bell reported that plaintiff domestically assaulted her. Bell reported that she was driving in a Gray Ford Escape with plaintiff when Otte yelled at her that she had fleas and hit her in her right ear with a closed fist. Bell stopped at Xpress Liquor and Smokes to report the domestic assault, and the police were contacted. Plaintiff was arrested when he returned to the scene after originally leaving.

In his amended complaint, plaintiff asserts that in addition to lying to the police about the purported domestic assault, Bell removed some of his property while he was "locked up." Plaintiff's probation was revoked on March 13, 2024, in *State v. Otte*, No. 22RA-CR00040 (14th Jud. Cir., Randolph County Court). He was sentenced to a total term of imprisonment at the Missouri Department of Corrections of eleven (11) years.

Plaintiff purports that his probation officer, Chanel Sims, is attempting to have him put in prison, or have his probation revoked.[4] Plaintiff states in a conclusory manner that this violates his rights to due process and equal protection.

Plaintiff claims that juvenile court prosecutor, Mike Fussleman, violated his rights because his right to custody over his son was terminated. Plaintiff blames not only Fussleman, but also Bell, for this issue. He once again claims that this violates his due process and equal protection rights.

For relief in this action, plaintiff seeks monetary compensation.

**Discussion**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

For the reasons explained below, the Court finds that plaintiff's claims in this action relative to any findings made in his criminal cases, such as those he makes against Kelley, Sims and Lundsford, are subject to dismissal because they are barred by *Heck v. Humphrey*. Even if *Heck* did not apply to these claims, all claims relating to the aforementioned cases, as outlined

---

[4]Plaintiff's amended complaint was written prior to his probation being revoked on March 13, 2024.

above, would be subject to dismissal. Furthermore, the claims against the two prosecutors, defendants Lundsford and Fussleman, are subject to dismissal as these defendants have immunity. Additionally, as noted in the Court's prior Opinion, Memorandum and Order, the Court lacks jurisdiction over any child custody issues, and plaintiff cannot bring claims under § 1983 against defendant Tiffany Bell who is a private citizen. Last, plaintiff's claims of due process and equal protection are entirely conclusory and cannot form the basis for a claim under § 1983 as written.

### A. Plaintiff's Claims Relating to the Criminal Cases Outlined Above Are *Heck*-Barred

To the extent plaintiff seeks to have this Court review his prior state court criminal cases, as well as his probation revocation cases, such claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *See also Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *Edwards v. Balisok,* 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief). Simply put, a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87. Because there is no indication in the record that plaintiff's convictions have been reversed or expunged, his civil rights claims against defendants, such as those against defendants Lundsford, Kelley and Sims, for such claims as failure to provide a speedy trial, bond issues, "false evidence," false charges, "malicious prosecution." Simply put, plaintiff's criminal cases in Randolph County cannot be attacked in such a manner. Moreover, this Court cannot review plaintiff's state court criminal actions. *See Postma v. First Fed. Sav. & Loan of Sioux City,* 74 F.3d 160, 162 (8th Cir. 1996). After plaintiff pursues his criminal appeals and post-conviction processes, he may file habeas corpus in both state and federal court.

7

### B. Plaintiff's Claims Against Prosecutors Lundsford and Fussleman are Barred by Prosecutorial Immunity

Plaintiff alleges that prosecutors Lundsford and Fussleman acted unlawfully towards him and that Lundsford prosecuted him "maliciously." These prosecutors are immune from allegations relating to such claims. *See Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976) (prosecutors are absolutely immune from civil rights claims based on actions taken while initiating and pursuing a criminal prosecution); *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process"); *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016) (same). Allegations of improper motive do not save plaintiff's claims. *See Imbler*, 424 U.S. at 427-28 (there is no fraud exception to prosecutorial immunity); *see also Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 580 (8th Cir. 2006) (a prosecutor is immune from suit even if he knowingly presents false, misleading or perjured testimony, or withholds or suppresses exculpatory evidence).

Additionally, as this Court informed plaintiff in the Court's prior brief, plaintiff cannot attempt to attack the juvenile prosecutor, Fussleman, to attack the state court's child custody decision. Furthermore, this Court has no jurisdiction to review state court child custody matters. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). State courts have exclusive jurisdiction over those matters. Id. at 703-04. "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *Ex parte Burrus*, 136 U.S. 586, 593-94 (1890); *see also Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994) ("The domestic relations exception . . . divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody.") (internal citations omitted). Thus, the claims against Lundsford and Fussleman are subject to dismissal.

8

Similarly, any claims seeking to have this Court review plaintiff's state court child custody determinations are also subject to dismissal.

### C. Plaintiff Cannot Pursue Claims Under § 1983 Against Tiffany Bell

Plaintiff argues that Bell attempted to steal personal property from him, and it appears he seeks to prosecute Bell for doing so. As noted above, to state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Defendant Tiffany Bell is a private citizen and cannot be sued under § 1983. See Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties). Plaintiff has not alleged that Bell was a state actor or was participating in joint activity with a state actor. *See Pearl v. Dobbs*, 649 F.2d 608, 609 n.1 (8th Cir. 1981).

Furthermore, to the extent plaintiff is seeking to have Bell prosecuted for stealing his property, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973). Tabor, 569 F.3d 861, 867 (8th Cir. 2009) Thus, plaintiff's § 1983 claims against Bell are subject to dismissal.

### D. Plaintiff's Due Process and Equal Protection Claims Are Subject to Dismissal

Last, the Court notes that throughout plaintiff's amended complaint he has made conclusory statements that his due process and equal protection rights have been violated by various defendants. This is not the first time he has made such arguments to this Court. Plaintiff has brought these arguments in all three of his other cases in this Court. *See Otte v. Randolph County Jail, et al.,* No. 2:22-CV-00027 SEP (E.D.Mo.); *Otte v. Randolph County,* No. 2:22-CV-00066 CDP (E.D.Mo.); and *Otte v. Wilson, et al.,* No. 2:24-CV-00010 RLW (E.D.Mo.).

9

To the extent plaintiff cites to Due Process and Equal Protection Clauses, he makes conclusory statements only. He simply uses the words "violated equal protection rights" and "violated due process rights." Plaintiff's mere quoting of parts of the Fourteenth Amendment is not sufficient to state a plausible claim. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Plaintiff's complaint does not contain the factual content that would allow the Court to "draw the reasonable inference" that any of the defendants are liable for the alleged constitutional violations. *See id.*

### Conclusion

Having thoroughly reviewed and liberally construed the amended complaint, the Court finds that plaintiff's claims are subject to dismissal based on the aforementioned analysis. The Court can envision no amendment to the amended complaint that would cause it to state a valid claim for relief. Therefore, the Court will dismiss this action at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate Order of Dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this Order of Dismissal would not be taken in good faith.

Dated this 11th day of July, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE